Filed 4/6/21  P. v. Nguyen CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>ANDY NGUYEN,<br><br>　　Defendant and Appellant. | B306939<br><br>Los Angeles County<br>Super. Ct. No. KA112263 |

　　APPEAL from a judgment of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed as modified.

　　Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

　　No appearance for Plaintiff and Respondent.

In 2018 a jury convicted defendant and appellant Andy Nguyen of assault to commit a felony—forcible oral copulation—during the commission of a first degree burglary, two counts of forcible oral copulation, and first degree residential burglary. On October 24, 2019, we affirmed Nguyen's conviction but remanded the case for the trial court (1) to stay Nguyen's sentence on the burglary count under Penal Code section 654, and (2) to award Nguyen presentence conduct credits. (*People v. Nguyen* (Oct. 24, 2019, B290564) [nonpub. opn.].)

On July 28, 2020, the trial court corrected Nguyen's sentence in accordance with our directions. The court stayed the sentence on the burglary count and awarded Nguyen good conduct credits of 116 days on his original credits of 775 actual days. The court also awarded Nguyen additional credits of 782 actual days.[1] However, the amended abstract of judgment did not reflect these additional credits for actual days.

On September 15, 2020, Nguyen's appellate counsel sent a letter to the trial court asking the court to correct the abstract of judgment to reflect "an additional 782 days of actual days of post-judgment custody credit between the original date of sentencing on June 5, 2018 and the date of resentencing." On October 19, 2020, the court issued a minute order that the abstract be "corrected to reflect the actual custody credits as 782 days." An amended abstract of judgment filed October 21, 2020, shows 1,557 days of actual credit.

Nguyen appealed and we appointed counsel to represent him on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court

---

[1]     While the court stated Nguyen had "accrued an additional 782 actual days of credit," the minute order states Nguyen was "given 783 days actual from the date of sentence." As we note below, the correct calculation is 784 additional days.

independently to review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel also filed a request that we judicially notice our file in Nguyen's direct appeal, including our October 2019 opinion. We grant that request.

Counsel stated he had written to Nguyen, "explained [his] evaluation of the record on appeal and [his] intention to file" a *Wende* brief, and advised him of his right to file a supplemental brief. Counsel also sent Nguyen "the transcripts of the record on appeal as well as a copy of [the *Wende*] brief and appellant's request for judicial notice." In addition, we sent a letter to Nguyen on December 23, 2020, advising him he could submit a supplemental brief or letter stating any grounds for appeal, or contentions or arguments he wishes this court to consider. We have not received any supplemental brief from Nguyen.

We are satisfied that Nguyen's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende*, *supra*, 25 Cal.3d at p. 441.) However, we do note an error in the credits. Nguyen is entitled to an additional 784 days of actual credits between his original sentencing on June 5, 2018, and his resentencing on July 28, 2020, rather than the 782 days he was awarded. The number of days from June 6, 2018 to July 28, 2020 (including both June 6 and July 28) is 784 days. (The year 2020 was a leap year.) Accordingly, the total number of actual "credit for time served" days is 1,559, not 1,557, days. We order the abstract corrected and a copy forwarded to the Department of Corrections and Rehabilitation.

**DISPOSITION**

We affirm Andy Nguyen's sentence as modified.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

LAVIN, Acting P. J.

ADAMS, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.